THE STATE v. ALEXANDER VAHL.

By the Common Law, a motion in arrest of judgment would lie only for matters apparent upon the record; and this principle of the Common Law is enacted in the Code. (Code Crim. Proc. Art. 675.)

The Code of Criminal Procedure also enacts that objections to the competency of grand jurors can only be taken by challenge. (Art. 675, 361 *et seq.*) But as the indictment was found before the Code went into effect, and as by the law, as held before that time, the objection might have been taken by plea in abatement, if the defendant had so pleaded the objection, it might have been a question whether the provision of the Code could have such operation as to defeat the plea.

Appeal from Jefferson. Tried below before the Hon. J. M. Maxcy.

Conviction for larceny of a hog, of the value of four dollars, at the Spring Term, 1857, on an indictment found on the 15th of Nov. 1855. Judgment arrested on the ground that the grand jury, by which the indictment was returned, was not a lawful grand jury. There was a short statement of facts in these words, " That the indictment was found by a grand jury that had been and was at this Term of the Court, after the verdict in this case, determined to be an illegal grand jury, because one of the grand jurors did not reside in the county at the finding of the bill; and the records of this Court, it is agreed, disclose the fact."

*Attorney-General,* for appellant.

*H. N. & M. M. Potter,* for appellee.

WHEELER, J.  By the Common Law, a motion in arrest of judgment would lie only for matters apparent upon the record; and this principle of the Common Law is enacted in the Code. (Code of Criminal Procedure, Art. 675.)

Again, by Art. 401 of the Code, and the provisions to which reference is made therein, it is enacted, in substance, that no objection can be taken to an indictment, on the ground that the grand jury finding the same was not properly constituted.  Objections to the competency of grand jurors can only be taken by challenge. (Ib. & Art. 361, *et seq.*)  As the indictment was found before the Code went into effect, and as by the law, as held before that time, the objection might have been taken by plea in abatement, if the defendant had so pleaded the objection, it might have been a question whether the provision of the Code could have such operation as to defeat the plea.  But the defendant did not plead in abatement; and as he could not have taken the objection by motion in arrest of judgment, by the law, as held when the indictment was found, it is clear that he could not so take it after the adoption of the Code.

The Court, therefore, erred in arresting the judgment, on account of the want of competency of the jurors who found the indictment, for which the judgment must be reversed and the cause remanded.

Reversed and remanded.