### J. BEARDALL *v.* THE STATE.

1. JUDGMENT — NEW TRIAL. — On a former appeal this cause was reversed and remanded for a new trial because no indictment, either original or substitute, was brought up in the record.   *Held*, that the effect of the judgment of this court then rendered was not merely to set aside the im-

mediate proceedings of the court below from which that appeal was taken, but was to place the entire cause in the same position in which it was before there was any trial of it. For the proceedings referred to, and the exceptional *status* of the case, see *Beardall* v. *The State*, 4 Texas Ct. App. 631.

2. SAME — PRACTICE. — On the new trial in the court below it was the right of the State to produce the original indictment if practicable, or, in case that was lost, to substitute a copy by proceedings in accordance with the provisions of the Code of Procedure.

3. LOST INDICTMENT — SUBSTITUTION. — To supply a lost indictment, the orders of the court must be so made and entered of record as to identify the substitute with certainty, and to authenticate the fact of its substitution. Nothing in the proceeding should be left to inference or intendment. See the orders in this case held to be defective, but amendable.

4. CASE STATED. — In 1859 one Beardall was tried and found guilty of murder, but escaped before final judgment. In 1877 the appellant was arrested as Beardall, and, being taken before the court below for final judgment, he denied that he was Beardall, or was ever so tried or found guilty, and alleged that he was named Dennen. An issue on that question was submitted to a jury, who found that he was Beardall, and thereupon the court rendered final judgment against him on the verdict of 1859. On his appeal to this court that judgment was reversed and the cause remanded for a new trial because no indictment appeared in the record. At the new trial the court below submitted to the jury the same issue of identity, and no other, and, that issue being again found against the appellant, rendered final judgment against him on the verdict of 1859. *Held*, that at the new trial the case stood as though no trial had ever been had, and it should have been tried *de novo* upon the merits, and in like manner as though it had never been tried before.

APPEAL from the District Court of Bexar. Tried below before the Hon. G. H. NOONAN.

Reference may be had to 4 Texas Ct. App. 631, for the facts of this peculiar case. In the opinion now reported will be found such other matters as are germane to the rulings.

*B. Coopwood* and *D. C. Robinson*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

White, P. J.   On a former appeal to this court the case here before us was reversed because there was "no indictment in the record."   The clerk certified that the indictment was not set out in the transcript because it had been lost.   In substance and extent the decision then made is well stated in the first paragraph of the head-notes to the case, viz. :  " That, to sustain a felony conviction on appeal, it is indispensable that the transcript bring up the original indictment against the appellant, or, if that has been lost, a substituted indictment supplied in the manner prescribed by law."   *Beardall* v. *The State*, 4 Texas Ct. App. 631. That was the main point decided.   It appeared, however, that the judgment then appealed from was a judgment which had been rendered *nunc pro tunc*, to supply certain fatal defects in the original judgment.   This judgment *nunc pro tunc* had been entered after the indictment was lost, and without any effort having been made to supply the loss. The effect of the reversal of that judgment by this court was not only to nullify the judgment *nunc pro tunc*, which was void for the want of an indictment, but also to reverse and set aside the original judgment for patent defects ; and because, further, it was not made to appear that at the date of its rendition there was in fact an indictment pending against the defendant.   It was not a part only, but the whole judgment, which was reversed.   Being reversed, the *status* of the case was regulated by the provisions of the statutes applicable to all cases ; that is, " when the Court of Appeals awards a new trial to the defendant, the cause shall stand as it would have stood in case the new trial had been granted by the court below."   Code Cr. Proc., art. 876.   And in the lower court the effect of the granting of a new trial is, " to place the cause in the same position in which it was before the trial had taken place."   Code Cr. Proc., art. 783 ; *Cox* v. *The State*, 7 Texas Ct. App. 495. . It is contended by counsel for appellant that the legitimate effect of the former reversal went further, and ren-

dered the original indictment a nullity, because the defendant had interposed a motion in arrest of judgment, one ground of which was that there was no indictment, and that the court, by reversing the case upon that ground, sustained the motion in arrest, and subjected the case to the rule that " the effect of arresting a judgment is to place the defendant in the same position he was before the indictment or information was presented." Pasc. Dig., art. 3145. And again : " When the defendant's motion in arrest of judgment was overruled, and it is decided on appeal that the same ought to have been sustained, the cause shall stand as if the motion had been sustained in the District Court." Pasc. Dig., art. 3217.

These articles do not apply to the case as here made, to the extent claimed by counsel. " By the common law, a motion in arrest of judgment would only be for matters apparent upon the record ; and this principle of the common law is enacted in the Code." Code Cr. Proc., art. 675 ( Pasc. Dig., art. 3140) ; *The State* v. *Vahl,* 20 Texas, 779. Now, what was the matter apparent of record sought to be availed of by the motion in arrest? Evidently nothing more than that the indictment, which had been lost, was not a part of the record. Validity of the indictment on account of inherent defects was not the question ; it was the very existence, and not the sufficiency of that instrument which was controverted, and controverted only because it did not appear in the record. The sufficiency of the indictment was not before the lower court, nor before this court on the former appeal, and when the judgment was reversed it was solely for the reason, as heretofore stated, that the indictment was not sent up with the transcript. How could this court declare that the indictment was invalid, and should be set aside, when there was no indictment before it, and when the motion in arrest, as well as the reversal, was claimed on the ground of its non-existence? To state the proposition is to answer it. It follows

that the rules enunciated in the articles of the Code relied upon, and which are quoted above, are not applicable to the facts of this case. Under the circumstances developed in the record, the reversal of the judgment did not deprive the State of the right, upon a subsequent trial, to establish the fact that an indictment really had existed, nor to produce the original then if it could have been done, or to substitute it if it was made to appear that it had been lost.

On the twenty-fourth day of March, 1879, after the case was remanded to the District Court, the county attorney properly made a motion to substitute the lost original indictment by filing a copy of the same. In response to his motion the following order was made and entered by the court, viz. : " In this cause comes the county attorney, Fred Cocke, and moves the court to grant him leave to file a substantial copy of the original indictment, which said motion, having been duly considered by the court, is granted; whereupon it is ordered by the court that the said copy of said indictment be filed among the papers of the case." This order is not sufficiently certain, either in pertinently and positively identifying the substituted instrument, or in the declaration of the fact that it was substituted. In such a procedure nothing should be left to inference or intendment. However, the order can yet be amended, or another entered *nunc pro tunc*, fully and completely establishing the fact of the proposed substitution. *Cox* v. *The State*, 7 Texas Ct. App. 495 ; *Turner* v. *The State*, 7 Texas Ct. App. 596.

After the proceedings incident to the substitution of the indictment had taken place, the prosecuting officer again made his motion to enter a final judgment *nunc pro tunc* to cure the defects in the original judgment as entered the twenty-ninth day of September, A. D. 1859. This motion was sustained and judgment entered accordingly. Following this, a jury were empanelled, over the protest and objections of defendant, who, it seems from the bills of excep-

tion found in the record, declined and refused to interpose any plea whatsoever. Witnesses were called and examined by the prosecution to prove, as on the former trial, the identity of the prisoner with James Beardall, who was originally found guilty of the murder, and the issue of identity was the only one submitted in the charge of the court, and the only one tried and found by the verdict of the jury. Judgment was again rendered upon the verdict establishing the identity of the defendant. He made motions for a new trial and in arrest of judgment, which being overruled, he prosecutes this second appeal.

All the proceedings had subsequent to the attempted substitution of the indictment were erroneous. As we have already seen, the former reversal of the case operated the setting aside of the previous verdict and judgment rendered, and the further effect was to award the defendant a new trial of the case, the case then occupying the same attitude as it would have occupied had a new trial been granted in the court below, or before any trial whatever had taken place. Code Cr. Proc., arts. 783, 876. Had the indictment been properly substituted, then the case should have proceeded, and have been retried anew throughout upon its merits, as any other case.

The judgment as here presented is reversed, and the cause is again remanded for a new trial in the court below.

*Reversed and remanded.*